### A. A. McGILL v. THE STATE.

*No. 1024. Decided May 13th, 1896.*

**Bond on Appeal From Justice's Court—Sufficiency of in Amount.**

   Where it appeared that immediately after notice of appeal in the Justice's Court, the justice and appellant's counsel went over the papers and estimated the fine and costs at "thirty or thirty-one dollars," and in a couple of hours thereafter, defendant filed his appeal bond in the sum of seventy-five dollars, which was approved by the justice; but, subsequently, other proved up items of cost ran the judgment of the justice up to $58.16, and in the County Court the appeal was dismissed, because the appeal bond was not in double the amount of the fine and costs in the Justice's Court. Held: Error.

APPEAL from the County Court of Runnells. Tried below before Hon. C. H. WILLINGHAM, County Judge.

This was an appeal from a judgment of the County Court, dismissing an appeal from a Justice's Court on account of the insufficiency in amount of the appeal bond.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.—Art. 854, Code Crim. Proc., expressly provides that the appeal bond in such cases,. shall be "in an amount not less than double the amount of fine and costs." While the court from which the appeal is taken has the power to approve the bond, and it did so, in this instance, nevertheless his authority is limited by the above provision of law, and if the bond is not in conformity therewith, the same should be held void. Appellant should have had the costs taxed before executing his bond, and made the same in accordance with the above provision of the statute. It is evident that the appellant did not exercise his right of appeal in conformity with the law in force at the time. This was necessary.

DAVIDSON, JUDGE.—Appellant was convicted in the Justice Court, and prosecuted an appeal to the County Court. In the County Court, when the case was called, the County Attorney moved to dismiss the appeal because the appeal bond from the Justice Court was not in double the amount of the fine and costs in the Justice Court. The bond was given for the sum of $75, and, as shown by the transcript from the Justice Court, the fine and costs amounted to $58.16. Upon the trial of the motion the facts developed show that the appellant was fined $1 in the Justice Court, and immediately after the conviction the Justice of the Peace and counsel for appellant went over the papers in the case, and they together estimated the fine and costs at "thirty or thirty-one dollars." Taking this amount as the basis for the appeal bond, it was made out in the sum of $75, and presented to the justice in a couple of hours after the trial, and he approved and filed the same. Subsequently other items of costs were proved up by the witnesses, which run the amount up to $58.16, as above indicated. But this was done subsequent to the execution and approval of the appeal bond. Under this state of case, the court erred in dismissing the appeal from the County Court. See, Drum v. City of Fort Worth, 25 Tex. Crim. App., 664. The judgment is reversed, and the cause remanded for a trial de novo in the County Court of Runnells County.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.